UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES KNUCKLES,

       Plaintiff,

                            CASE NO. 2:08-CV-10317
                            JUDGE ARTHUR J. TARNOW
                            MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

TIM CRUTCHFIELD,

       Defendant.
                                      /

**OPINION AND ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S APRIL 7, 2008 and DECEMBER 17, 2008 MOTIONS (Doc. Entries 12 and
23); DENYING AS MOOT PLAINTIFF'S June 16, 2008 MOTION FOR THE
APPOINTMENT OF COUNSEL (Doc. Ent. 17); and DENYING WITHOUT PREJUDICE
PLAINTIFF'S NOVEMBER 10, 2008 MOTION FOR COURT ORDERS & RECORDS
(Doc. Ent. 22)**

**I.    OPINION**

**A.    Background**

      Charles Ray Knuckles "was admitted to Mercy Memorial Hospital for cardiac care[,]" on October 17, 2007. Doc. Ent. 14 at 1; Doc. Ent. 12 at 3; Doc. Ent. 13 at 3. He was an inpatient at Monroe Mercy Hospital from October 17, 2007 to October 26, 2007. Doc. Ent. 8 at 1; Doc. Ent. 17 at 3. According to plaintiff, authorities issued him a PR-Bond on or about October 18, 2007, and "all supervision by Monroe County Sheriff's Deputies was discharged." Doc. Entries 12 and 13 at 3. According to plaintiff, he was "kidnapped" on October 26, 2007 "while on a valid PR-Bond[.]" Doc. Ent. 17 at 2.

      On November 7, 2007, Knuckles was before Judge Costello of the Monroe County Circuit Court for a plea. Doc. Ent. 8 at 3-5; Doc. Ent. 12 at 7-9; Doc. Ent. 13 at 7-9. Plaintiff claims he was

held in an isolation cell for forty-two (42) days "that was not handicapped accessible." Doc. Ent. 7 at 1. According to plaintiff, he is a "bi-lateral above the knee amputee," and he fell three times while being held at the Monroe County Jail. Doc. Ent. 1 at 3-4. The latest fall occurred on November 13, 2007. Doc. Ent. 1 at 3. Plaintiff was sentenced on November 29, 2007, and is currently incarcerated at the Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. *See* www.michigan.gov/corrections, "Offender Search."

On January 23, 2008, Knuckles (plaintiff) filed this pro se, prisoner civil rights complaint against Tilman Crutchfield, the Monroe County Sheriff. Doc. Ent. 1; *see* http://www.co.monroe.mi.us/Monroe, Departments, Sheriff. The facts underlying plaintiff's complaint appear to have taken place during November 2007. Doc. Ent. 1 at 3. Plaintiff's claims are based upon the Americans with Disabilities Act of 1990 (ADA), which is codified at 42 U.S.C. §§ 12101-12213, 47 U.S.C. § 1225. On March 28, 2008, defendant Crutchfield filed an answer to plaintiff's complaint and affirmative defenses. Doc. Ent. 10.[1]

Judge Tarnow has referred this case to me to conduct all pretrial proceedings. Doc. Ent. 15.

**B.    Plaintiff's April 7, 2008 and December 17, 2008 Motions are Denied without Prejudice to the Extent the Motions Seek to Amend Plaintiff's Original Complaint.**

---

[1]Plaintiff argues that Crutchfield's March 28, 2008 "response [Doc. Ent. 11] and answer [Doc. Ent. 10] were not within 30-day time limit of being served on 02/07/2008 by [the U.S. Marshal]." Doc. Ent. 12 at 1; Doc. Ent. 13 at 1. "A response to a nondispositive motion must be filed within 14 days after service of the motion." E. D. Mich. LR 7.1(d)(2)(B). "A defendant must serve an answer: (i) within 20 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States." Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff's April 7th filing is apparently intended as a motion to amend and a reply to Crutchfield's answer and affirmative defenses. Doc. Ent. 12 at 4, 6; Doc. Ent. 13 at 4, 6; Fed. R. Civ. P. 12(a)(1)(C).

**1.**     The original complaint asserts that more than one defendant is being sued. Doc. Ent. 1 at 1. Although the identification of the additional defendant(s) is not clear, the statement of facts mentions the County of Monroe, the Monroe County Jail, and the Monroe County Jail Administrator, in addition to Crutchfield, as entities against whom his complaint is brought. Doc. Ent. 1 at 4.[2]

Furthermore, plaintiff's original complaint is filed against Crutchfield in his official capacity. Doc. Ent. 1 at 1.[3] Plaintiff's prayer for relief seeks monetary damages. Additionally, plaintiff seeks entry of an order requiring the Monroe County Jail "to make modifications to be in compliance with the Federal ADA." Furthermore, plaintiff wants the Attorney General of the State of Michigan "to investigate said incidents and violations." Doc. Ent. 1 at 3.

**2.**     Since the filing of his complaint, plaintiff has filed several other documents related to his complaint:

- On February 11, 2008, he filed a document which seeks to amend his prayer for relief. Doc. Ent. 6.

- On February 27, 2008, he filed a document which seeks to enter a demand for trial by jury and requests that he "be notified before hand and delivered to be present at any and all hearings in said case." Doc. Ent. 7.

- On March 17, 2008, plaintiff filed a document which seeks (1) to admit into evidence a portion of his November 7, 2007 plea hearing transcript;[4] (2) to

---

[2] Plaintiff's other filings list the Monroe County Commissioners in the case caption. Doc. Entries 6-8, 12, 13, 14, 17, 22, 23. Plaintiff mentions the Monroe County Sheriff's Department in his April 7, 2008 filing. Doc. Ent. 12 at 5. Also, plaintiff lists Mercy Memorial Hospital in the captions of some of his filings. Doc. Entries 17, 22, 23.

[3] This is affirmed in plaintiff's April 7th filing, wherein he states that he is not suing Crutchfield personally. Doc. Entries 12 at 3, 13 at 3.

[4] Within this document, plaintiff states "[t]he plea transcript is evidence in both [this] suit . . and [his petition for a] writ of habeas corpus." Doc. Ent. 8 at 1; s*ee Knuckles v. Bell*, Case No. 08-

> obtain an updated docket sheet; and (3) entry of default judgment[5] in the event defendants have not responded. Doc. Ent. 8.

- On April 7, 2008, plaintiff filed a document which requests that the Court (1) enter default judgment against defendants; (2) order Monroe County Jail / Crutchfield "to produce documents to show compliance under [28 C.F.R. §§ 35.101, 35.105][;]" (3) enter default judgment against defendants for not timely responding to his complaint; (4) "have [the] jury decide damages[;]" and (5) amend his complaint. He also appears to assert that he has a right to conduct discovery.[6] Alternatively, plaintiff requests that Judge Tarnow conduct an evidentiary hearing "so Plaintiff may subpoena witnesses and present evidence to show Monroe County Jail was wrongful, in acts and non-compliance [with the ADA]." Doc. Entries 12 and 13.

- On May 13, 2008, plaintiff filed a document which seeks to (1) admit into evidence an allegedly falsified bail bond conditions form;[7] (2) add Mercy Memorial Hospital as a defendant; (3) amend his statement of facts; (4) amend his prayer for relief to five million (5,000,000) dollars; and (5) add Monroe County, Monroe County Jail, Monroe County Jail Administrat[o]r, and Monroe County Commissioners as defendants. Doc. Ent. 14.

---

10942 (dismissed without prejudice on April 14, 2008). Furthermore, plaintiff appears to be attempting to amend his statement of facts "in all matters[.]" Doc. Ent. 8 at 2. Any requests which plaintiff seeks to have effectuated in his petition for a writ of habeas corpus must be filed separately in that case.

[5] If plaintiff intends to move for entry of a judgment by default, his motion should comply with E.D. Mich. LR 55.2 ("Clerk's Entry of Judgment by Default"). *See also* Fed. R. Civ. P. 55(b).

[6] Along with this assertion, plaintiff claims he sent a witness list regarding a hearing in his petition for writ of habeas corpus. Doc. Entries 12 and 13 at 3.

[7] A copy of a State of Michigan, 1st Judicial District, Bail Bond Conditions form is attached. Doc. Ent. 14 at 4.

- On June 16, 2008, plaintiff filed a document which in part seeks to add "additional facts in the case,"[8] and to file a witness list and discovery requests.[9]  Doc. Ent. 17.

- Finally, on December 17, 2008, plaintiff filed a document which seeks to add Detective D. Davison as a defendant in his personal capacity and requests that the Court freeze his assets.  Doc. Ent. 23.

**3.**    Fed. R. Civ. P. 15 governs amended and supplemental pleadings.  With respect to amendments before trial, it provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:
>
>> (A) before being served with a responsive pleading; or
>>
>> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> (3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a).

---

[8]Within his motion, plaintiff states he is ". . . legally disabled under the (ADA) law by his above the knee amputations of both legs that restricts his nor[ma]l daily activities of more than one life's normal daily activities.  Not only was [he] put in the threat of daily physical & mental harm/anguish, but was physically injured due to the same."  Plaintiff claims the Monroe County Jail is not in compliance with the ADA.  Doc. Ent. 17 at 1.  Plaintiff also claims that he was "kidnapp[ed] . . . on Oct. 26, 2007 while on a valid PR-Bond, having no hearing to cancel bond and no-explanation as to why bond was canceled," and he mentions a falsified bond condition form.  Doc. Ent. 17 at 2.

[9]Attached to plaintiff's June 16, 2008 filing are discovery requests and a witness list.  Doc. Ent. 17 at 3.  Plaintiff is reminded that Fed. R. Civ. P. 33 Interrogatories, Fed. R. Civ. P. 34 Requests for Production of Documents and Things and Fed. R. Civ. P. 36 Requests for Admission should be served on the party from whom the discovery is sought.

Upon consideration of plaintiff's aforementioned filings related to his complaint, the requests are denied to the extent they seek to amend the original complaint. This denial is without prejudice to plaintiff's ability to file a consolidated motion to amend to which a copy of his proposed amended complaint is attached.[10] In that regard, plaintiff is cautioned that "[u]nder the Federal Rules, an amended complaint supercedes the original complaint." *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) (citing cases); *Klyce v. Ramirez*, No. 87-5176, 1988 WL 74155, *3 (6th Cir. July 19, 1988) (quoting *Fritz*, 676 F.2d at 1358); 6 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1476 (2d ed. 1987) ("Effect of an Amended Pleading") ("A pleading that has been amended under Rule 15(a) supercedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.").

Plaintiff is also reminded of Rule 8(a)'s directive that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a) ("Claim for Relief.").

In accordance with Rule 8(a), plaintiff's proposed amended complaint must clearly set forth, among other things, (1) the identification of each defendant; (2) a statement of jurisdiction, such as 28 U.S.C. §§ 1331 ("Federal question") or 28 U.S.C. § 1332 ("Diversity of citizenship; amount in

---

[10] The Local Rules of this Court provide that "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion." E. D. Mich. LR 15.1.

controversy; costs"); (3) a statement of facts; (4) delineated causes of action, including names of the defendant(s) against whom the counts are brought and the legal bases (statutory or otherwise) for the causes of action; (5) and a claim for relief.[11] This list is not exhaustive, but a combination of the original and amended complaints organized into a pleading in this fashion would assist the Court in accurately determining the bases of plaintiff's claims and the type of relief he seeks.

**C.      Plaintiff's Motion for the Appointment of Counsel is Denied as Moot.**

On June 16, 2008, plaintiff filed a motion which in part sought to have the Court appoint counsel for him. Doc. Ent. 17. On June 25, 2008, I entered an order conditionally granting plaintiff's motion for the appointment of counsel. Doc. Ent. 18.

At this point, the case has been forwarded to the Court's pro bono program administrator, and an attempt is being made to locate counsel who will agree to represent plaintiff. Nonetheless, to the extent plaintiff's June 16, 2008 motion sought the appointment of counsel, it has already been addressed by this Court.

**D.      Plaintiff's Motion for Court Orders & Records is Denied Without Prejudice.**

Plaintiff has also filed a "motion for court orders & records." Doc. Ent. 22. Plaintiff requests "copies of all pre-trial Dispositive Motions & decisions by Magistrate Judge Paul Komives." In light of his pro se status, plaintiff claims he needs "copies of all requested documents to properly prepare for, argue & present [his] case." Plaintiff contends that he has not received "any copies of court Orders issued by the court in regards to any of [his] Motions and/or Legal

---

[11]*See also* E. D. Mich. LR 9.1(a) ("Notation of 'Jury Demand' in the Pleading.") ("If a party demands a jury trial by endorsing it on a pleading, as permitted by Fed. R. Civ. P. 38(b), a notation shall be placed on the front page of the pleading, to the right of the caption, stating 'Demand For Jury Trial' or an equivalent statement."). In his May 14, 2007 filing, the jury demand is on the last page of the filing, before the exhibits. Doc. Ent. 15 at 8.

request[s]." Furthermore, plaintiff asserts that he is "indigent and paying payments but [he] ha[s] been DENIED an updated Court Docket status which gives the Respondents/Defendants an advantage against [him] in [his] [valid] Civil Suit against the same." Doc. Ent. 22 at 1.

There are currently twenty-three (23) docket entries in this case. Of these, five (5) are orders of this Court: the January 24, 2008 orders granting plaintiff's application to proceed without prepayment of the filing fee (Doc. Ent. 3) and order directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made (Doc. Ent. 4); Judge Tarnow's order referring this case to me for all pretrial matters (Doc. Ent. 15); and my orders conditionally granting plaintiff's motion for appointment of counsel (Doc. Ent. 18) and to depose a person confined in prison (Doc. Ent. 20). Some of these bear a certificate of service to plaintiff (Doc. Entries 3 at 1; 4 at 1; 15 at 1. Another bears a certificate of service, but does not specifically mention plaintiff (Doc. Ent. 18 at 2) and the last order does not contain a certificate of service (Doc. Ent. 20).

Another five (5) of the docket entries were filed by defendant Crutchfield: the March 28, 2008 attorney appearance (Doc. Ent. 9), answer (Doc. Ent. 10), and response (Doc. Ent. 11); the September 25, 2008 request for leave to take plaintiff's deposition (Doc. Ent. 19); and the October 7, 2008 certificate of service by defendant regarding the Court's October 6, 2008 order (Doc. Ent. 21). Most of these documents contains a certificate of service upon plaintiff. Doc. Ent. 9 at 2; Doc. Ent. 10 at 4; Doc. Ent. 11 at 2; Doc. Ent. 21 at 1. Another certificate of service does not mention plaintiff. Doc. Ent. 19 at 5. If plaintiff is not in receipt of one of these five (5) documents filed by defendant Crutchfield, then plaintiff should contact defense counsel directly and request that a copy be sent to plaintiff.

Eleven (11) were filed by plaintiff. Doc. Entries 1, 2, 6, 7, 8, 12, 13, 14, 17, 22 and 23. The Court presumes that plaintiff is not seeking copies of his own filings.

The remaining two (2) are the February 7, 2008 acknowledgment from the U.S. Marshal Service of Receipt of Service of Process Documents (Doc. Ent. 5) and the waiver of service returned unexecuted as to Crutchfield (Doc. Ent. 16).[12]

Plaintiff admits that he has received copies of preliminary order(s) (perhaps the January 24th orders) and the October 6th order (Doc. Ent. 20).[13] Doc. Ent. 22 at 1. Upon consideration, plaintiff's November 10, 2008 motion for court orders and records (Doc. Ent. 22) is denied without prejudice to the extent it seeks copies of the Court's orders and records in this case "so that he may properly be aware of all aspects of said case and further prepare." Doc. Ent. 22 at 1-2. If plaintiff does not have a copy of any of the twenty-three (23) aforementioned filings, then he should either (a) contact defense counsel (if plaintiff is missing a filing by Crutchfield) or (b) specify to this Court exactly which of its orders he is missing.

## II. ORDER

In accordance with the foregoing opinion, plaintiff's April 7, 2008 motion (Doc. Ent. 12) is DENIED WITHOUT PREJUDICE to the extent it seeks to amend the complaint. Also, plaintiff's December 17, 2008 motion to add defendant (Doc. Ent. 23), as well as plaintiff's other apparent

---

[12]The Court suspects that this unexecuted waiver is the document plaintiff was referring to when he stated, "[i]t was brought to my attention that a[n] Order of some kind was unable to be delivered to [defendant] Crutchfield in June of 2008. I request that order be Delivered by the U.S. [Marshal]." Doc. Ent. 22 at 1.

[13]My October 6th order provided that "the deposition of Charles Knuckles shall be taken at the Gus Harrison Correctional Facility at a date and time agreed upon by the parties." Doc. Ent. 20. Plaintiff contends that he was not in agreement and sent advanced notice to the Court. Doc. Ent. 22 at 1.

attempts to amend his complaint, are DENIED WITHOUT PREJUDICE. These rulings are without prejudice to plaintiff refiling the requests in accordance with the Federal Rules of Civil Procedure, especially Rules 8 and 15, and the E.D. Mich. Local Rules, especially Rules 15.1 and 19.1(a).

Plaintiff's June 16, 2008 motion (Doc. Ent. 17) is DENIED AS MOOT to the extent it seeks the appointment of counsel. Furthermore, plaintiff's November 10, 2008 motion for court orders & records (Doc. Ent. 22) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of service of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

|  |  |
|---|---|
| Dated: 2/11/09 | s/Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 11, 2009.
>
> s/Eddrey Butts
> Case Manager